UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GARY JACKSON,

      Petitioner,

vs.                                                                                Civil Case No. 05-70793

UNITED STATES OF AMERICA,                                      Crim. Case No. 03-80101

      Respondent.

_____/

## MEMORANDUM AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255

I.

This is a habeas case under 28 U.S.C. § 2255.  In 2003, Petitioner Gary Jackson (Petitioner) plead guilty to one count of bank robbery.  He was sentenced to 84 months imprisonment.

Before the Court is Petitioner's motion to vacate under § 2255, arguing that his sentence violates the Sixth Amendment and due process rights based on the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005).  For the reasons that follow, the motion is DENIED.

II.

On October 9, 2003, Petitioner was charged in a second superceding indictment with a single count of bank robbery, in violation of 18 U.S.C. § 2113(a).  On December 8, 2003, Petitioner pled guilty to this charge under a Rule 11 agreement.  As part of the agreement, Petitioner agreed to a sentence of no more than 105 months based on the

calculated guidelines range of 84-105 months.  The presentence report also calculated

a guidelines range of 84-105 months, although the calculations for Petitioner's criminal

history and offense level differed.

On June 24, 2004, Petitioner was sentenced to 84 months imprisonment, the

lowest end of the guidelines range.  Petitioner did not file a direct appeal.

On March 2, 2005, Petitioner filed the instant motion claiming that his sentence

violates the Supreme Court's holding Booker essentially finding that the sentencing

guidelines are merely advisory not mandatory.

III.

A.

To warrant relief under § 2255, Petitioner must demonstrate the existence of an

error of constitutional magnitude which had a substantial and injurious effect or

influence on the guilty plea or the jury's verdict.  See Brecht v. Abrahamson, 507 U.S.

619, 637 (1993).  Relief is warranted only where there Petitioner has shown "a

fundamental defect which results in a complete miscarriage of justice."  Davis v. United

States, 417 U.S. 333, 346 (1974).  If a Petitioner fails to raise a claim on direct review,

he must established both "cause" and "actual prejudice" resulting from the claimed

error.  United States v. Frady, 456 U.S. 152, 167-68 (1982).  Petitioner also cannot use

§ 2255 to re-litigate issues raised on direct appeal except in highly exceptional

circumstances.  See DuPont v. United States, 76 F.3d 108, 110 (6th Cir. 1996); Oliver v.

United States, 90 F.3d 177, 180 (6th Cir.1996). See also Giraldo v. United States, 54

F.3d 776 (6th Cir.) (unpublished) ("It is well settled that a § 2255 motion may not be

employed to relitigate an issue that was raised and considered on appeal absent highly

2

exceptional circumstances, such as an intervening change in the law."), <u>cert. denied</u>, 516 U.S. 892 (1995).

B.

The government argues that Petitioner's motion fails because the holding in <u>Booker</u> does not apply retroactively to cases, such as Petitioner's, that are on collateral review via a motion under § 2255.  The government's position is well-taken.  In <u>Humphress v. United States</u>, 398 F.3d 855, 857 (6th Cir. 2005), the Court of Appeals for the Sixth Circuit held that <u>Booker</u> does not apply to cases on collateral review.  Thus, Petitioner cannot make out a claim that his sentence violates his constitutional rights based on <u>Booker</u>.

SO ORDERED.


 s/Avern Cohn                                        
Dated: June 03, 2005                          AVERN COHN
                                      UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was sent to counsel of record on this date, June 03, 2005, by electronic and/or ordinary mail.

 s/Julie Owens                                    
Case Manager, (313) 234-5160